

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00380-CV

Leola **STUART**,
Appellant

v.

Estelita **JUDSON**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 391869
Honorable Tina Torres, Judge Presiding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  May 6, 2015

AFFIRMED

Leola Stuart, proceeding *pro se*, appeals the judgment against her in this forcible entry and

detainer action.  *See* TEX. PROP. CODE ANN. §§ 24.001-.011 (West 2014).  We overrule Stuart's

issues on appeal and affirm the trial court's judgment.

---

[1] The Honorable Jason Wolff is the presiding judge of County Court at Law No. 2, Bexar County, Texas.  The Honorable Tina Torres, former presiding judge of County Court at Law No. 10, Bexar County, Texas, presided over the trial and signed the judgment.

**BACKGROUND**

Stuart moved in to Section 8 subsidized housing at an apartment complex managed by Estelita Judson in August 2013. In January 2014, Judson sued to evict Stuart from the apartment based on her failure to pay the un-subsidized portion of the rent, $298 per month. *See* TEX. PROP. CODE ANN. § 24.0051; *see also* TEX. R. CIV. P. 510.3. The justice of the peace court rendered judgment in favor of Judson for possession of the property; no money was awarded to Judson. Stuart appealed to the county court at law, which held a trial de novo in March 2014. *See* TEX. R. CIV. P. 510.9-.10. The county court ruled in favor of Judson, and ordered Stuart to surrender possession of the property by March 31, 2014. The court also awarded the rent monies that Stuart had paid into the registry of the court to Judson. Stuart now appeals.

**ANALYSIS**

On appeal, Stuart raises four issues, all of which are based on unspecified "substantial evidence" that Stuart asserts the court prohibited her from presenting or which the court failed to properly consider at the trial de novo, thereby denying her due process. The only issue in an eviction suit is the right to actual possession. TEX. R. CIV. P. 510.3(e); *OIS Invs., Inc. v. AAA Free Move Ministorage, LLC*, No. 04-12-00775-CV, 2013 WL 5508407, at *2 (Tex. App.—San Antonio Oct. 2, 2013, pet. denied) (mem. op.). In addition to the discussion about nonpayment of rent, our review of the record shows that the court permitted Stuart to discuss in depth all of the problems with the rental property that Stuart raises in her brief, *i.e.*, mail tampering, unsafe and/or non-working electricity, and harassment by other tenants and/or workers. Stuart was further allowed to argue that the eviction petition was brought in retaliation for her repeated complaints to the San Antonio Police Department and Fire Department, and local, state, and federal housing departments about the conditions at the apartment complex. There is nothing in the record to support Stuart's claims that the court curtailed her presentation of evidence or failed to consider

any part of Stuart's evidence. Indeed, the record reflects that Stuart showed the court several photographs of the electrical unit and mail box at the apartment complex. Stuart does not identify any other "substantial evidence" that she was precluded from presenting or that the court failed to consider. Accordingly, we overrule Stuart's issues on appeal.

Based on the foregoing reasons, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice